Prepared By:
Michael Jones, CA Bar No. 271574
M. Jones & Associates, PC
505 North Tustin Ave, Suite 105
Santa Ana, CA 92705
Telephone: (714) 795-2346
Facsimile: (888) 341-5213
Email: mike@MJonesOC.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HEIDI JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ARS NATIONAL SERVICES, INC.,<br><br>Defendant | Case No.<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>COUNT 1: Fair Debt Collection Practices Act, 15 USC 1692 et seq.<br><br>COUNT 2: Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788 et seq. |

## INTRODUCTION

1. This is an action for damages brought by Heidi Johnson (hereinafter "Plaintiff"), an individual consumer, for violations by ARS National Services, Inc. (hereinafter "Defendant") of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq. (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. In Calif. Civil Code § 1788.1 (a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
> It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly

> in entering into and honoring such debts, as specified in this title.

3. In 15 U.S.C. 1692, the United States Congress made the following findings and purpose in creating the Fair Debt Collection Practices Act:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. …
>
> (e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

7. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, CAL CIV CODE § 1788 et. seq., ("RFDCPA"), in their illegal efforts to collect a consumer debt.

8. Venue is proper in this District because the Defendant may be found in this District, and some of the acts and transactions occurred in this District.

## PARTIES & DEFINITIONS

9. Plaintiff, Heidi Johnson, is a natural person residing in Orange County in the state of California.

10. Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is therefore both a "consumer" as that term is defined by 15 U.S.C. §

1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

11. At all relevant times herein, Defendant, ARS National Services, Inc., was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).

12. Defendant is a national debt collection company that continuously and systematically engages in its business of collecting debts in the state of California, and using telephone numbers within California. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

13. Defendant maintains a registered agent, Corporation Service Company, and may be served through their registered agent at 2710 GATEWAY OAKS DR STE 150N, Sacramento, CA 95833.

14. Upon information and belief, Defendant was attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code §

1788.2(e) of the Rosenthal Act, as well as a “debt” as that term is defined by 15 U.S.C. § 1692a(5).

15. Because Plaintiff is a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a “consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

16. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves or others, and is therefore a “debt collector” within the meaning of Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in “debt collection” within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a “person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

17. At various and multiple times prior to the filing of this complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

18. On or about 2/26/2015, Defendant called Plaintiff on her phone regarding the alleged debt owed. In that conversation, Plaintiff advised Defendant directly that she had hired an attorney to represent her on her financial matters, provided the name of her attorney (Michael Jones), and his contact information, to include his phone number. Plaintiff specifically and directly indicated that all communication relating to her financial affairs would need to be limited to her attorney.

19. In response to Plaintiff's statement that she was represented by an attorney, and that they should speak with him exclusively, Defendant continued the contact and communication with Plaintiff by repeatedly asking Plaintiff about her financial affairs. Plaintiff thereafter advised Defendant that she intended to file a bankruptcy petition, and that Defendant needed to speak with her attorney. Defendant still continued the communication further and engaged in conduct the natural consequence of which is to harass, oppress, and abuse the Plaintiff, specifically by questioning her about why she was being so irresponsible with her bills. Plaintiff, becoming increasingly uncomfortable and intimidated by the conversation, again advised that she was represented by an attorney, and Defendant would need to speak with him. Nevertheless, Defendant continue to question the Plaintiff about why she

was filing a bankruptcy case, and other questions about her financial affairs, with full and actual knowledge that she was represented by an attorney, as well as actual knowledge of his contact information.

20. Defendant's repeated questioning about the financial affairs of the Plaintiff, and her reasons for intending to file a bankruptcy case, while attempting to collect the alleged debt constitutes harassment, oppression, and abuse under the circumstances.

21. At the time of Defendant's offending call(s), Plaintiff had directly revoked any and all consent to be contacted by Defendant, including, but not limited to, calls using an automated telephone dialing system.

22. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (FDCPA §1692d));

b. Communicating with Plaintiff directly after the debt collector knew the consumer was represented by an attorney with regard to the alleged debt, when the Defendant also either had knowledge of the attorney's name and address or was able to readily ascertain the information (FDCPA §1692c(a)(2));

23. As a result of the above violations of the FDCPA and the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiffs feelings, personal humiliation, embarrassment, mental anguish and emotional distress. Plaintiff attempted to seek counseling and therapy for the emotional distress and mental anguish described above but was not able to.

24. Defendant is liable to Plaintiff for Plaintiffs actual damages, statutory damages, and costs and attorney's fees.

## CAUSES OF ACTION

### COUNT I:

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff reincorporates by reference all of the preceding paragraphs.

26. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

27. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

28. As a result of Defendant violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**COUNT II:**

**VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

29. Plaintiff reincorporates by reference all of the preceding paragraphs.

30. To the extent that the Defendant's actions, counted above, violated the FDCPA, they are necessarily violations of the California Rosenthal Act via Calif. Civ. Code 1788.17.

31. Defendant's conduct as described herein violated the RFDCPA § 1788.17 which mandates that every debt collection collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692d to 1692j, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d and § 1692d(5).

32. As a result of the Defendant's illegal conduct, Plaintiff has suffered emotional distress and mental anguish.

33. Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under the RFDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

### COUNT 1:
### Fair Debt Collection Practices Act

a) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

b) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

c) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

d) and such further relief as the Court deems just and proper.

**COUNT 2:**

**Rosenthal Fair Debt Collection Practices Act**

a) For an award in favor of Plaintiff and against Defendant for

b) his actual damages in an amount according to proof;

c) statutory damages for willful and negligent violations in an amount not less than $1,000.00;

d) his costs incurred in this litigation;

e) and his reasonable attorney's fees.

Dated this 26 October 2015.

**M Jones and Associates, PC**
Attorneys for Plaintiff

Michael Jones

Michael Jones

**<u>JURY DEMAND</u>**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, and Fed.R.Civ.P. 38, Plaintiff is entitled to, and demands, a trial by jury.

Dated this 26 October 2015.

**M Jones and Associates, PC**
Attorneys for Plaintiff

Michael Jones

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF CALIFORNIA )
)
COUNTY OF ORANGE )

Pursuant to 28 U.S.C. § 1746, Plaintiff Heidi Johnson, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys, copies of which may be attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any

exhibit that may be attached hereto, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Oct 26 2015
Month Day Year

[signature]
Signature